No's 404466

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 3 n 2001  MR

AT SEATTLE
CLERK U S. DISTRICT COURT
BY  WESTERN DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

**JEAN BUSKIN, PAUL ROGERS,
MYRTISE JOHNSON, VINCE
HALLORAN, JEANETTE WALLIS,
JANET MUNGER,** and **MARK CANFIELD,**
on their own behalf and on behalf of the class
they seek to represent.
　　　　Plaintiffs

vs.

**CITY OF SEATTLE, PAUL
SCHELL, NORM STAMPER, JOHN DOE
#1,** through **JOHN DOE 11,**
　　　　Defendants

No. **CV 01  1941 P**

**COMPLAINT FOR DAMAGES**

**WTO SUIT**

**CLASS ACTION**

　　**COME NOW** the plaintiffs, **JEAN BUSKIN, PAUL ROGERS, MYRTISE JOHNSON,**

**VINCE HALLORAN, JEANETTE WALLIS, JANET MUNGER,** and **MARK CANFIELD,**

on their own behalf and on behalf of the class they seek to represent bring this action for illegal

practices of the defendants, by and through their attorney  John Scannell, and seeking damages

against the above name defendants: **CITY OF SEATTLE, PAUL SCHELL, NORM**

**STAMPER, JOHN DOE #1,** through **JOHN DOE #11,**

　　The civil claims include offenses committed under color of law resulting in a deprivation of

rights secured by the Constitution and laws of the United States of America



CV 01-1941  #1

**COMPLAINT FOR DAMAGES – PAGE 1**

ORIGINAL

**ACTIONLAW.NET**
318 6TH AVE S #117
SEATTLE WASH . 98104
206-624-3685

# I. PARTIES, JURISDICTION, VENUE

This action is brought under 42 U.S C  §1983 (Civil Rights Act of 1871) relating to the plaintiffs' exercise of their rights under the Constitution of the United States

1. Plaintiff Jean Buskin is and was, at all times relevant hereto, a resident of the State of Washington.

2. Plaintiff Verge Blanchard is and was, at all times relevant hereto, a resident of the State of California.

3  Plaintiff Myrtise Johnson is and was, at all times relevant hereto, a resident of the State of California.

4. Plaintiff Vince Halloran is and was, at all times relevant hereto, a resident of the State of Washington

4. Plaintiff Jeanette Wallis is and was, at all times relevant hereto, a resident of the State of Washington.

5. Plaintiff Janet Munger is and was, at all times relevant hereto, a resident of the State of Washington.

6  Plaintiff Mark Canfield is and was, at all times relevant hereto, a resident of the State of Washington.

7. The Defendant City of Seattle is a municipal corporation in the State of Washington and is the employer of Paul Schell, Norm Stamper and the unknown Seattle Police Officers (John Doe # 1 through John Doe # )

8. At all times pertinent to this complaint, the Defendant Paul Schell was the Mayor of the City of Seattle, the Defendant Norm Stamper was the Chief of Police, the defendants John Doe #1 through # 11, were employees of the City of Seattle acting as police officers  In doing the acts and things hereinafter set forth, said Defendants were acting, in their respective capacities as stated, under color of an Ordinance of the City of Seattle, State of Washington, namely, Seattle Municipal

**COMPLAINT FOR DAMAGES – PAGE 2**

ACTIONLAW NET
318 6TH AVE S #117
SEATTLE, WASH , 98104
206-624-3685

1   Code 10.02, and a Statute of Washington, namely R.C W. 38.52 et seq  as well as other Statutes of

2   Washington and ordinances of Seattle respectively

3       9  At all times relevant hereto each of the defendants was acting as agent of each of the

4   other defendants

5       10.  Jurisdiction is conferred on the court by virtue of 29 U.S.C §1331, §1334, §1343.

6   Venue in this district is appropriate pursuant to Title 28, United States Code, §1391, because the

7   pertinent events took place in this district.

8                                    **II. FACTS**

9       11.  During the week of November 29-December 3, 1999, the World Trade Organization

10  (hereinafter referred to as "the W.T O ") held meetings in downtown Seattle

11      12  Thousands of people gathered in the streets of Seattle peacefully to protest the policies

12  of the W.T O., contending that such policies are in conflict with United States laws protecting the

13  environment, labor, and human rights.

14      13  During this period of time, the defendant City of Seattle sent police officers into the

15  streets to monitor the demonstrations   The officers patrolled the streets, sometimes in full riot gear

16  On many occasions, the police chemical-gassed, pepper-sprayed, shot rubber bullets and

17  concussion grenades at, beat with batons, and/or arrested numerous peaceful protesters, innocent

18  bystanders and members of the media.

19      14.  Batons as used by police during  these demonstrations are dangerous weapons

20      15  Rubber Bullets and pellets as used by the police during these demonstrations are

21  dangerous weapons

22      16  Pepper Spray is a dangerous weapon.

23      17.  Chemical Gas, concussion grenades and their canisters as used by police in these

24  demonstrations, are dangerous weapons

25      18.  The City of Seattle on November 30, 1999, as part of a plan to silence the free speech

26  activities of the plaintiff and others participating in the demonstrations, provided batons,

**COMPLAINT FOR DAMAGES – PAGE 3**

1  concussion grenades, rubber bullets, pepper spray, chemical gas and canisters decided

2  unnecessarily to mace, chemical gas, club, and shoot rubber bullets at unarmed and non-violent

3  demonstrators, and to arrest non-violent demonstrators in order to prevent them from

4  demonstrating and to deter others from demonstrating against the policies of the World Trade

5  Organization and against the actions of the police and city in stifling the right to free speech and

6  assembly  This plan included illegally closing off over 50 blocks in downtown Seattle to

7  demonstrations, banning the use of gas masks, imposing a general curfew over a much larger

8  *section of downtown Seattle, and to arrest persons for otherwise disobeying orders issued by the*

9  Mayor. Although the purpose of the plan was publicized as an attempt to stop violent protests, in

10 reality the plan served as a pretext for the defendants and others to punish the demonstrators for

11 embarrassing the mayor and other high public officials, to stifle dissent, and to end the lawful

12 attempts of the plaintiff and others in the class to bring attention to the wrongful political and

13 economic activities of the W.T O.  As part of this plan, the defendants unnecessarily planned to

14 arrest, chemical gas, club, mace, pepper spray, and shoot rubber bullets and concussion grenades at

15 non-violent unarmed demonstrators by issuing vague, inadequate,  and unnecessary orders to

16 disperse

17      19. The police patrolling the convention site acted like the trained soldiers of a **praetorian**

18 **guard**. Some were dressed in ninja armor, some were wearing Darth Vader style face shields, and

19 some wore gas masks.  This gear was unnecessary and was worn in a manner to intimidate and

20 confront the demonstrators for exercising their rights under the First amendment to the United

21 States Constitution.

22      20  Without adequate warnings the police began dispersing chemical gases and shooting

23 concussion grenades into the crowd.  The demonstration was non-violent and protected by the First

24 and Fourteenth Amendments to the U.S. Constitution.

25

26

**COMPLAINT FOR DAMAGES – PAGE 4**

ACTIONLAW.NET
318 6TH AVE S #117
SEATTLE, WASH, 98104
206-624-3685

21. As a result of the actions of November 30, Defendant Schell and others, instituted an "emergency order" which unlawfully set up a "no protest zone" in a block area to deny the demonstrators their constitutional rights to protest the activities of the WTO.

22. At approximately 1 00 p.m. on November 30, 1999, John Doe #1 and others were wearing full riot gear and were carrying shotguns when they approached Paul L. Rogers  John Doe #1 placed a shotgun to the head of Mr. Rogers and then struck him on both the left and right hand side of his head  The shot gun was then stuck into his back, and was held down  After he was let up, John Doe #1 jammed the gun into Paul Rogers' shoulder, fracturing it and dislocating it  He was then pepper sprayed. There was no warning, no request to move, or any other type of communication with the police prior to the attack

23. At approximately 4:00 p.m  on November 30, 1999, Jean Buskin and other demonstrators were participating in a non-violent and peaceful demonstration at Fourth and Pike  The gathering was peaceful and the participants were entitled to protest their disagreement under both the United States and Washington constitution  John Doe #2 and John Doe #3  attacked the demonstration with chemical gases and pepper spray, causing the demonstrators to flee to the west

24. At approximately 5:15 p m. on November 30, 1999, Myrtise Johnson was in downtown Seattle walking Southbound on Third Avenue when she was approached by a police officer who instructed her to not to walk to the South because it had been blocked off. She then walked North and then west so that she could move to her destination to the South  As she approached 2nd Avenue, she experienced a strong fumigation of chemical gases that had been released by John Doe #4. The fumes penetrated the air in the direction she was following in  The toxins from the gases resulted in a severe burning sensation and tearing in the eyes making it extremely hard to see and a very serious burning sensation to the throat making it extremely difficult to breathe, swallow, or talk. The fumes penetrated her clothing and caused a severe rash and acne skin condition which caused her considerable pain and embarrassment for over a year  The skin condition left a hyperpigmentation that was left after the scarring from the lesions  This skin condition covered 20-

**COMPLAINT FOR DAMAGES – PAGE 5**

ACTIONLAW NET
318 6TH AVE S #117
SEATTLE, WASH , 98104
206-624-3685

1  30% of her body.  The plaintiff suffered posttraumatic stress disorder related to a disability of
2  depression.  She suffered from lingering pulmonary problems related to the inhalation of the
3  chemical gasses.  She suffered from intermittent diarrhea related to the chemical gas exposure  She
4  suffered from serious flu symptom, fatigue, focusing of the eyes, and burning due the chemical
5  gasses.  She suffered thousands of dollars of medical bills to treat the effects of the chemical attack.

6       25.  On Dec 1, 1999, at approximately 3·30 p m  Plaintiff Mark Canfield was near 2nd and
7  Lenora when a cannister of chemical gasses was fired near him by John Doe #5 causing pain and
8  discomfort.  Later on in the late evening, he was making way his back home when he had to walk
9  through a cloud of chemical gases that had been left there by John Doe #6 and others  When he
10  arrived at his home at 401 Harvard Ave E., apt. #3, a chemical cloud left by John Doe #7 had
11  penetrated his apt.  He could not clear the fumes from his apartment because the cloud was outside
12  in the air as well  He experienced great pain and discomfort as he attempted to sleep in his home
13  He suffered lingering breathing and lung problems as a result.  Plaintiff Canfield was a musician by
14  trade, and suffered a serious and irreparable damage to his vocal chords as a result, which damaged
15  the quality of his music  He was unable to sing for approximately 1 month

16       26.  At approximately 6:00 p.m on December 1, 1999, plaintiff Vince Halloran was on 3rd
17  Avenue between Stewart and Pine when a line of Police officers began advancing toward him
18  moving South.  He offered to let the line pass by him but the officers insisted that he move  After
19  being shoved he dropped to the ground and told the officers to arrest him  John Doe #8 took a
20  cannister of pepper spray and sprayed it directly in his face.  Plaintiff Halloran was then arrested,
21  although he was later let go without being charged

22       27.  Jeanette Wallis participated in non-violent protest near her residence on Capitol Hill on
23  the evening of December 1  She was assaulted with chemical weapons fired by John Doe #9

24       28.  Also on the evening of December 1, 1999, Jeanette Buskin was assaulted by John Doe
25  #10 one block away from Broadway with spray  She was assaulted again on the north side of
26  Republican on Broadway with chemical weapons

**COMPLAINT FOR DAMAGES – PAGE 6**

29.  Janet H. Munger was part of a peaceful assembly of protesters on Capitol Hill in Seattle on Pine between 11th and 12th between 1 and 3 a.m on Dec 2  She was assaulted by John Doe #10, who assaulted her with chemical weapons causing her extreme pain, irritation, confusion, dizziness.  She became ill and missed class the next day as a result of being assaulted with the chemical weapons.

30.  Defendant City of Seattle failed to supervise the conduct of the police officer(s) who assaulted Paul Rogers with a gun.

31.  Defendant City of Seattle failed to supervise the conduct of the defendant police officers who sprayed plaintiffs Jean Buskin, Paul Rogers, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, Janet Munger, and Mark Canfield with chemical weapons such as chemical gas and pepper spray.

32.  Defendant City of Seattle failed to train the defendant police officers who sprayed Jean Buskin, Paul Rogers, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, Janet Munger, and Mark Canfield with chemical agents such as chemical gas and pepper spray.

33.  The actions of defendants Schell, Stamper, and the eleven City employees and others are part of an official policy, custom and practice of the City of Seattle

34.  As a result of the acts or omissions of the City of Seattle, plaintiffs have suffered personal injuries, including, but not limited to, bodily injury, pain and suffering, emotional distress, embarrassment, fear and other consequential damages.

### III. FIRST CAUSE OF ACTION: VIOLATION OF THE FIRST AMENDMENT RIGHT TO FREE SPEECH AS APPLIED TO THE STATES THROUGH THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

35.  Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 35

36.  The acts and omissions of the defendants herein were done under color of state law, custom or usage.

**COMPLAINT FOR DAMAGES – PAGE 7**

1    37  Plaintiffs Jean Buskin, Paul Rogers, Vincent Halloran, Jeanette Wallis, and Janet

2    Munger, had a federally-protected right, under the freedom of speech and assembly provisions of

3    the United States Constitution, as applied to the states through the Fourteenth Amendment to the

4    United States Constitution, to be present in downtown Seattle and protest the undemocratic and

5    wrongful policies of the W.T.O. and/or the brutal tactics of the police

6    38.  The acts and omissions of defendants herein proximately caused the deprivation of the

7    First Amendment rights of plaintiffs Jean Buskin, Paul Rogers, Vincent Halloran, Jeanette Wallis,

8    and Janet Munger, as applied to the states through the Fourteenth Amendment to the United States

9    Constitution

10   39.  As a proximate result of the acts and omissions of the defendants and the deprivation

11   of their First and Fourteenth Amendment rights, plaintiffs Jean Buskin, Paul Rogers, Vincent

12   Halloran, Jeanette Wallis, and Janet Munger, have suffered personal injuries as set forth

13   hereinabove.

14   ## SECOND CAUSE OF ACTION: VIOLATION OF THE
15   ## FOURTH AMENDMENT PROHIBITION AGAINST UNREASONABLE SEIZURES

16   40.  Plaintiffs hereby incorporates and realleges as if fully set forth herein each and every

17   allegation of paragraphs 1 through 75.

18   41. Plaintiff Jean Buskin as well as the other named plaintiffs were seized for the purposes

19   of the Fourth Amendment to the United States Constitution as applied to the states through the

20   Fourteenth Amendment to the United States Constitution, by the acts and omissions of the

21   defendants.

22   42. Plaintiff Jean Buskin, as well as the other named plaintiffs, have rights, protected under

23   the Fourth Amendment of the United States Constitution as applied to the states through the

24   Fourteenth Amendment to the United States Constitution, not to be subjected to an unreasonable

25   seizure

26

**COMPLAINT FOR DAMAGES – PAGE 8**

43. The acts and omissions of the defendants herein proximately caused the deprivation of the Fourth and Fourteenth Amendment rights of plaintiff Jean Buskin, as well as the other named plaintiffs

44. As a proximate result of the acts and omissions of the defendants and deprivation of plaintiffs' Fourth and Fourteenth Amendment rights, plaintiffs have suffered personal injuries as set forth hereinabove.

## THIRD CAUSE OF ACTION; VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE

45. Plaintiffs hereby incorporate and reallege each and every allegation of paragraphs 1 through 44, as if fully set forth herein

46 Plaintiff Jean Buskin, as well as the other named plaintiffs have a right, under the Fourth amendment of the United States Constitution as applied to the states through the Fourteenth Amendment to the United States Constitution, not to be subjected to the use of unreasonable force against their persons.

47. The acts and omissions of the defendants herein proximately caused the deprivation of the Fourth Amendment Rights as applied to the States through the Fourteenth Amendment to the United States Constitution, of plaintiff Jean Buskin, as well as the other named plaintiffs

48. As a proximate result of the acts and omissions of the defendants and deprivation of plaintiffs' Fourth Amendment rights as applied to the states through the Fourteenth Amendment to the United States Constitution, plaintiffs have suffered personal injuries as set forth hereinabove

## FOURTH CAUSE OF ACTION: VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE

49. Plaintiffs hereby incorporate and reallege each and every allegation of paragraphs 1 through 48, as if fully set forth herein.

50. Plaintiffs Jean Buskin, Paul Rogers, Vincent Halloran, Jeanette Wallis, and Janet Munger have a right, under the Due Process Clause of the Fourteenth Amendment to the United

**COMPLAINT FOR DAMAGES – PAGE 9**

1   States Constitution, to remain in a public place of their choice and the right to move from one place

2   to another in order to protest the actions of the police and of the W T O.

3       51. The other named plaintiffs have a right, under the Due Process Clause of the

4   Fourteenth Amendment to the United States Constitution, to remain in a public place of their

5   choice and the right to move from one place to another.

6       52  The acts and actions of the defendants herein proximately caused the deprivation of

7   plaintiffs' Fourteenth Amendment rights.

8       53. As a proximate result of the acts and omissions of the defendants and deprivation of

9   plaintiffs' Fourth Amendment rights, plaintiffs have suffered personal injuries as set forth

10  hereinabove.

11  ## FIFTH CAUSE OF ACTION: VIOLATION OF THE FOURTEENTH AMENDMENT
12  ## RIGHT TO PERSONAL SECURITY

13      54  Plaintiffs hereby incorporate and reallege each and every allegation of paragraphs 1

14  through 53, as if fully set forth herein.

15      55  Plaintiff Jean Buskin, as well as the other named plaintiffs have a right, under the

16  Fourteenth Amendment to the United States Constitution, to personal security

17      56. The acts and omissions of the defendants caused deprivation of plaintiffs' Fourteenth

18  Amendment rights to personal security

19  ## SIXTH CAUSE OF ACTION: MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

20      57  Plaintiffs hereby incorporate and reallege each and every allegation of paragraphs 1

21  through 56, as if fully set forth herein.

22      58. At all times material to this complaint, defendant City of Seattle, by and through its

23  chief of police, defendant Norm Stamper, had in effect certain explicit and de facto policies,

24  practices and customs which were applied to the treatment of civilians in downtown Seattle during

25  the W T.O  meetings, including the use of chemical weapons, rubber bullets, wooden batons,

26

**COMPLAINT FOR DAMAGES – PAGE 10**

1    against innocent civilians such as plaintiff Jean Buskin, as well as the other named plaintiffs
2    herein.

3        59. For purposes of the incidents described herein, it was the policy, custom and practice of
4    the defendant City of Seattle to utilize unreasonable force in violation of the First, Fourth, and
5    Fourteenth Amendment rights of the plaintiffs, set forth hereinabove

6        60 It was further the policy of the defendant City of Seattle, by and through its chief of
7    police, defendant Norm Stamper, to approve, acquiesce, condone and ratify the use of unreasonable
8    force in violation of the First, Fourth and Fourteenth Amendment rights of the plaintiffs in the
9    incidents described hereinabove.

10       61. For purposes of liability for said policies, practices and/or customs, defendant Norm
11   Stamper was the authorized policy-maker on police matters and his decisions, explicit and de facto
12   were and are binding on the defendant City of Seattle.

13       62. The policy, practice and custom of approving, acquiescing in condoning and/or
14   ratifying the use of unreasonable force in violation of the First, Fourth and Fourteenth Amendment
15   rights of the plaintiffs in the incident described herein was a deliberate choice by defendant City of
16   Seattle, by and through its chief of police.

17       63. These policies, practices and customs were maintained with deliberate, reckless and/or
18   callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove

19       64. The above described policies, practices and customs of defendant City of Seattle
20   proximately caused the deprivation of the First, Fourth and Fourteenth Amendment rights of the
21   plaintiffs, jointly and severally

22       65. As a proximate result of the above the above described policies, practices and customs
23   of defendant City of Seattle, and as a result of the deprivation of plaintiffs' First, Fourth and
24   Fourteenth Amendment rights, plaintiffs have suffered personal injuries as set forth hereinabove

25       66. At all times material herein, defendant City of Seattle had a duty, under the United
26   States Constitution, to supervise its police officers properly.

**COMPLAINT FOR DAMAGES – PAGE 11**

1    67   At all times material herein, defendant City of Seattle had a duty, under the Fourth

2    Amendment of the United States Constitution, to adequately train its police officers not to attack

3    innocent people with chemical weapons, and/or rubber bullets

4    68   Defendant City of Seattle failed to train properly or supervise properly the officers who

5    shot chemical gas, chemical agents, concussion grenades, and/or pepper spray at plaintiff Jean

6    Buskin and the other named plaintiffs.

7    69.  The above-described failures to supervise and to train were maintained with deliberate,

8    reckless and/or callous indifference to the constitutional rights of rights of the plaintiffs as set forth

9    hereinabove.

10    70   The above-described failures by defendant City of Seattle to supervise and to

11    adequately train the officers properly proximately caused the deprivation of the constitutional

12    rights of plaintiff Jean Buskin and the other plaintiffs as set forth hereinabove

13    71.  The above-described failure by defendant City of Seattle to properly supervise and to

14    adequately train the officers and the resulting deprivation of plaintiff Jean Buskin and the other

15    plaintiffs' constitutional rights, caused the plaintiffs to suffer personal injuries as set forth

16    hereinabove.

17    ## SEVENTH CAUSE OF ACTION - ASSAULT AND BATTERY

18    72. Plaintiffs hereby incorporate and reallege each and every allegation of paragraphs 1

19    through 71., as if fully set forth herein

20    73.  Plaintiffs Jean Buskin, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, and Mark

21    Canfield were assaulted and battered by defendants

22    74. Plaintiffs Jean Buskin, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, and Mark

23    Canfield have been assaulted and battered by defendant City of Seattle, through its employees John

24    Doe #1 through John Doe #11

25

26

**COMPLAINT FOR DAMAGES – PAGE 12**

75. Defendant City of Seattle is liable for the actions of its employees through the doctrine of respondent superior.

76. Plaintiffs Jean Buskin, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, and Mark Canfield have been damaged as a direct, proximate and foreseeable result of the wrongful actions of the defendants.

## EIGHTH CAUSE OF ACTION - NEGLIGENCE

77. Plaintiffs hereby incorporate and reallege each and every allegation of paragraphs 1 through 76., as if fully set forth herein

78  The defendants were negligent in their actions taken against Plaintiffs Jean Buskin, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, and Mark Canfield

79. Plaintiffs Jean Buskin, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, and Mark Canfield have been damaged as a direct, proximate and foreseeable result of the negligent actions of the defendants.

## NINTH CAUSE OF ACTION - VIOLATION OF DUE PROCESS RIGHTS UNDER STATE CONSTITUTION

80  Defendants actions of releasing chemical weapons into public demonstrations or gatherings, shooting projectiles including chemical weapon containers into public demonstrations or gatherings, denied Plaintiffs Jean Buskin, Myrtise Johnson, Vincent Halloran, Jeanette Wallis, and Mark Canfield due process of law under Article 1, Section 3 of the Washington State Constitution

81. The plaintiffs have been damaged as a direct, proximate and foreseeable result of the wrongful actions of the defendants of releasing chemical weapons into public gatherings and by shooting projectiles into public demonstrations or gatherings.

**COMPLAINT FOR DAMAGES – PAGE 13**

### TENTH CAUSE OF ACTION - VIOLATION OF FREE SPEECH RIGHTS UNDER STATE CONSTITUTION

82. Defendants actions of releasing chemical weapons into public demonstrations or gatherings, shooting projectiles including chemical weapon containers into public demonstrations or gatherings, denied Plaintiffs Jean Buskin, Vincent Halloran, and Jeanette Wallis their free speech rights under Article 1, Section 5 of the Washington State Constitution

83. The plaintiffs have been damaged as a direct, proximate and foreseeable result of the wrongful actions of the defendants of releasing chemical weapons into public gatherings and by shooting projectiles into public demonstrations or gatherings

### ELEVENTH CAUSE OF ACTION - VIOLATION OF PRIVACY RIGHTS UNDER STATE CONSTITUTION

84. Defendants actions of releasing chemical weapons into public demonstrations or gatherings, shooting projectiles including chemical weapon containers into public demonstrations or gatherings, denied Plaintiff Canfield his right of privacy as defined by Article 1, Section 7 of the Washington State Constitution

85 Plaintiff Canfield has been damaged as a direct, proximate and foreseeable result of the wrongful actions of the defendants of releasing chemical weapons into public gatherings and by shooting projectiles into public demonstrations or gatherings.

### TWELFTH CAUSE OF ACTION -STRICT LIABILITY

86. Defendants actions of releasing chemical weapons into public demonstrations or gatherings, shooting projectiles including chemical weapon containers into public demonstrations or gatherings, is ultrahazardous or abnormally dangerous and subject the defendants to strict liability.

87. The plaintiffs have been damaged as a direct, proximate and foreseeable result of the wrongful actions of the defendants of releasing chemical weapons into public gatherings and by shooting projectiles into public demonstrations or gatherings

### VI.  CLASS ACTION ALLEGATIONS

**COMPLAINT FOR DAMAGES – PAGE 14**

ACTIONLAW NET
318 6TH AVE S #117
SEATTLE, WASH , 98104
206-624-3685

1    88. Plaintiffs reallege paragraphs 1 through 81 herein.

2    89. This class action is brought on behalf of all persons present in the streets, sidewalks,

3    and open areas at the aforementioned locations and resulting police action  It is also being brought

4    on behalf of the residents of the Capitol Hill Area of Seattle. The class will be defined in time and

5    space with more particularity after more discovery is conducted. This suit seeks damages for all

6    wrongful actions of the defendants as described in this complaint, except for those actions that are

7    being litigated in other class action lawsuits already filed in Washington concerning the WTO

8    demonstrations in 1999.

9    90. Prerequisites for Class Action. Plaintiffs bring this action pursuant to Federal Rule of

10   Civil Procedure 23 as a class action on behalf of themselves and also as a representative party on

11   behalf of all members of the class described in the above paragraph  This is an appropriate class

12   action under FRCP 23(a) and plaintiffs are proper representatives of the class because:

13   91. The class is so numerous that joinder of all members is impracticable  Upon

14   information and belief, the number of constituent class members exceeds 5000 members.

15   Attempting to join and name in excess of 5000 persons as co-plaintiffs would be unreasonable and

16   would be impracticable as that term is contemplated by FRCP 23(a)  The requirement of

17   numerosity under FRCP 23(a)(1) is therefore satisfied.

18   92. There are questions of law and fact common to the class  The defendants used similar

19   methods to stifle dissent of a large number of demonstrators, residents and onlookers

20   93. The claims of the representative parties is typical of the claims of the class as a whole

21   This creates similar or identical claims on behalf of all members of the class  This satisfies FRCP

22   23 (a)(3) regarding typicality of claims.

23   94. The representative parties will fairly and adequately protect the interests of the class

24   Petitioner will conduct a vigorous prosecution of this action and is further in a position to represent

25   the claims

26

**COMPLAINT FOR DAMAGES – PAGE 15**

ACTIONLAW NET
318 6TH AVE S #117
SEATTLE, WASH , 98104
206-624-3685

1   95  Class Action Maintainable  This action is maintainable as a class action under FRCP

2   23(b) because.

3   96.  The prosecution of separate actions by individual members of the class would create a

4   risk of inconsistent or varying adjudications, which would establish incompatible standards of

5   conduct for the City of Seattle and which would also create a risk of adjudication with respect to

6   individual members of the class which would, as a practical matter be dispositive of the interests of

7   other persons who are not parties to the adjudication or substantially impair or impede their ability

8   to protect their interests , in satisfaction of FRCP 23(b)(1).

9   97.  The questions of law and fact common to the class members predominate over any

10  questions affecting only individual members, and a class action is superior to other available

11  methods for the fair and efficient adjudication of the controversy, in that,

12  98.  There is no special interest in members of the class in individually controlling the

13  prosecution of separate actions;

14  99.  Plaintiffs do know of other proper litigation concerning this controversy which has

15  been commenced by members of the class, in whole or in part.  One suit has been filed in Western

16  District Court as case #C00-1672R.  That suit seeks to certify a class that is defined as follows:

17      All persons who were arrested by the City of Seattle and its police agents or its
18      affiliated police agents on December 1 and 2, 1999, pursuant to the defendant' "no
        protest" policies and directives which were eventually embodied by the City of
19      Seattle' local Proclamation of Civil Emergency Order Number 3 (and subsequent
        revisions) and who were subsequently not convicted of any crime  Included in this
20      class are all persons arrested pursuant to such policies both inside and outside the
        zone established by Order Number 3.
21

22  Another suit has been filed in Western District Court as case # C01-1309L.  That suit seeks

23  to certify a class defined as follows:

24      ... all persons present in the streets, sidewalks, and open areas at the site of the
        aforementioned demonstration and resulting police action.  The class will be defined
25      in time and space as follows.  The time boundary will be between 2·30 p m. and
        6 30 p.m  on December 1, 2001.  The space boundary will be Alaskan Way on the
26

**COMPLAINT FOR DAMAGES – PAGE 16**

West, 4th Avenue on The East, Lenora Street on the North and Union Street on the South.

100   It is highly desirable and efficient to have this litigation determined by class action within this forum.  The majority of class members, upon information and belief, work, worked, resided and/or reside in King County.  It is eminently preferable to seek redress of these common claims under one action rather than through multiple claims involving impractical management and an overburdening of the courts.  These concerns satisfy FRCP 23(b)(3)

101.  As a result of the actions of the defendant(s) as above alleged, the plaintiffs have been damaged in an amount to be proven at trial.

### INJUNCTIVE RELIEF

102.  The Plaintiffs are entitled to injunctive relief because the continued use of "Less Lethal" weapons as used in this complaint could result in irreparable harm in terms of death or serious bodily injury.

### CLASS CLAIMS FOR RELIEF

### A.  CAUSE OF ACTION BASED UPON 42 USC 1983.

103.  Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 102 herein.

104.  The defendants violated the rights of plaintiffs and other members of the class under the First, Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U S C. §1983.  Defendants' violations include, but are not limited to the following· Shooting rubber bullets, concussion grenades, macing, tear gassing, pepper spraying, beating, torturing, using other chemical agents, humiliating, degrading, wrongfully arresting and otherwise terrorizing the demonstrators and intimidating others from demonstrating

105.  As a result of the violations of 42 USC §1983, as set forth herein, the defendants are liable to the plaintiffs and to members of the class defined herein for their actual damages, statutory damages, costs and attorney fees.

**COMPLAINT FOR DAMAGES – PAGE 17**

ACTIONLAW.NET
318 6TH AVE S #117
SEATTLE, WASH , 98104
206-624-3685

1

## PRAYER FOR RELIEF

2    The Defendants actions set forth herein constitute an egregious, willful and malicious

3 violation of section of 42 USC §1983.

4 **WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and in

5 favor of the class for:

6 (A) Order defendants to pay to plaintiffs compensatory damages in an amount to be proven at trial

7 (B) Order defendants to pay to plaintiffs punitive damages.

8 (C) Order defendants to pay plaintiffs' reasonable attorney fees, and costs

9 (D) Enjoin the defendants from pepper spraying, beating, using chemical agents, shooting

10 projectiles, hurling projectiles or taking any other unreasonable use of force against demonstrators

11 participating in peaceful demonstrations.

12 (E) Order such other and further relief as the court may deem to be just and proper.

13 **DATED** this 30 day of November, 2001,

14

15    John R Scannell, WSBA #31035
    Attorney for plaintiffs

16

17

18

19

20

21

22

23

24

25

26

**COMPLAINT FOR DAMAGES – PAGE 18**

ACTIONLAW NET
318 6TH AVE S #117
SEATTLE, WASH , 98104
206-624-3685